USCA1 Opinion

 

 November 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1708 WILLIAM MAHONEY, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ William Mahoney on brief pro se. _______________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran, __________________ ___________________ Assistant United States Attorney, and Lawrence D. Gaynor, Assistant ___________________ United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. We affirm substantially for the reasons ___________ stated in the magistrate-judge's May 5, 1995 report and recommendation. We add the following. 1. We reject petitioner's argument that no criminal history point should have been added for the offenses described in paragraph 34 of the presentence report. That paragraph plainly states that petitioner received the "minimum sentence" after pleading nolo contendere to driving ________________ under the influence. Consequently, this offense was properly counted in petitioner's criminal history under U.S.S.G.  4A1.1(c), which directs a point to be added for each prior sentence (up to a total of four points). ________ 2. There is no merit to petitioner's argument that counsel was ineffective in failing to argue for a downward departure under U.S.S.G. 4A1.3 on the ground that petitioner's criminal history category significantly over- represented the seriousness of petitioner's criminal history or the likelihood that petitioner would commit further crimes. Section 4A1.3 gives as an example of over- representation a defendant with two minor misdemeanor convictions close to ten years old and no evidence of intervening criminal behavior. Petitioner's history is not at all comparable to the example. He had five potentially countable misdemeanor convictions (only four of which were counted in view of 4A1.1(c)'s four point limitation) and -2- his criminal history spanned many years. Petitioner's criminal history was not over-represented and counsel did not provide ineffective assistance in failing to advance a meritless argument. Affirmed. ________ -3-